# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

MARIE TABER and SCOTT TABER
80 Kent Boulevard
Salamanca, New York 14779,

          Plaintiffs,

vs.

WAL-MART, INC.
702 S.W. Eighth Street
Bentonville, Arkansas 72716,

WAL-MART REAL ESTATE BUSINESS TRUST
702 S.W. Eighth Street
Bentonville, Arkansas 72716,

WAL-MART REALTY COMPANY
702 S.W. Eighth Street
Bentonville, Arkansas 72716,

WAL-MART STORES EAST, INC.
702 S.W. Eighth Street
Bentonville, Arkansas 72716,

and

WAL-MART STORES EAST, LP
702 S.W. Eighth Street
Bentonville, Arkansas 72716,

          Defendants.

Index No.

Plaintiffs designate Erie
County as the place of trial

The basis of venue is
CPLR § 509

**SUMMONS**

---

TO THE ABOVE NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED**, to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the plaintiffs' attorneys within

TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:   Buffalo, New York
         March 17, 2021

                                        LIPSITZ GREEN SCIME CAMBRIA LLP

                                        By:_____
                                            SCOTT M. SCHWARTZ, ESQ.
                                        Attorneys for Plaintiffs
                                        Office and P.O. Address
                                        42 Delaware Avenue, Suite 120
                                        Buffalo, New York 14202
                                        (716) 849-1333
                                        [SMS : #63047.0002]

2

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

MARIE TABER and SCOTT TABER
80 Kent Boulevard
Salamanca, New York 14779,

    Plaintiffs,

vs.

WAL-MART, INC.
702 S.W. Eighth Street
Bentonville, Arkansas 72716,

WAL-MART REAL ESTATE BUSINESS TRUST
702 S.W. Eighth Street
Bentonville, Arkansas 72716,

WAL-MART REALTY COMPANY
702 S.W. Eighth Street
Bentonville, Arkansas 72716,

WAL-MART STORES EAST, INC.
702 S.W. Eighth Street
Bentonville, Arkansas 72716,

and

WAL-MART STORES EAST, LP
702 S.W. Eighth Street
Bentonville, Arkansas 72716,

    Defendants.

**COMPLAINT**

Index No.

---

  Plaintiffs, above named, by their attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP, for their Complaint against the defendants, allege:

    **AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS, ABOVE NAMED, THE PLAINTIFF, MARIE TABER, ALLEGES:**

1. The plaintiffs, MARIE TABER and SCOTT TABER, at all times hereinafter mentioned, were and still are residents of the Town of Salamanca located within the County of Cattaraugus and the State of New York.

2. Upon information and belief, at all times hereinafter mentioned, the defendant, WAL-MART, INC. (hereinafter referred to as "WAL-MART"), was and still is a foreign corporation authorized to business within the State of New York.

3. Upon information and belief, at all times herein mentioned, the defendant, WAL-MART, was and still is doing and transacting business within the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, the defendant, WAL-MART REAL ESTATE BUSINESS TRUST (hereinafter referred to as "WAL-MART REAL ESTATE"), was and still is a foreign statutory trust authorized to business within the State of New York.

5. Upon information and belief, at all times herein mentioned, the defendant, WAL-MART REAL ESTATE, was and still is doing and transacting business within the State of New York.

6. Upon information and belief, at all times hereinafter mentioned, the defendant, WAL-MART REALTY COMPANY (hereinafter referred to as "WAL-MART REALTY"), was and still is a foreign corporation authorized to do business within the State of New York.

2

7. Upon information and belief, at all times herein mentioned, the defendant, WAL-MART REALTY, was and still is doing and transacting business within the State of New York.

8. Upon information and belief, at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, INC. (hereinafter referred to as "WAL-MART STORES"), was and still is a foreign corporation authorized to do business within the State of New York.

9. Upon information and belief, at all times herein mentioned, the defendant, WAL-MART STORES, was and still is doing and transacting business within the State of New York.

10. Upon information and belief, at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP (hereinafter referred to as "WAL-MART STORES EAST"), was and still is a foreign limited partnership authorized to business within the State of New York.

11. Upon information and belief, at all times herein mentioned, the defendant, WAL-MART STORES EAST, was and still is doing and transacting business within the State of New York.

12. Upon information and belief, at all times hereinafter mentioned, the defendants, WAL-MART, WAL-MART REAL ESTATE, WAL-MART REALTY, WAL-MART STORES and WAL-MART STORES EAST, were the owners of certain premises commonly known as Wal-Mart located at 317 S. Cascade Drive, within the Village of Springville, County of Erie and the State of New York.

3

13. Upon information and belief, at all times hereinafter mentioned, the defendants, WAL-MART, WAL-MART REAL ESTATE, WAL-MART REALTY, WAL-MART STORES and WAL-MART STORES EAST, by their agents, servants and/or employees, operated the aforesaid premises.

14. Upon information and belief, at all times hereinafter mentioned, the defendants, WAL-MART, WAL-MART REAL ESTATE, WAL-MART REALTY, WAL-MART STORES and WAL-MART STORES EAST, by their agents, servants and/or employees, maintained the aforesaid premises.

15. Upon information and belief, at all times hereinafter mentioned, the defendants, WAL-MART, WAL-MART REAL ESTATE, WAL-MART REALTY, WAL-MART STORES and WAL-MART STORES EAST, by their agents, servants and/or employees, managed the aforesaid premises.

16. Upon information and belief, at all times hereinafter mentioned, the defendants, WAL-MART, WAL-MART REAL ESTATE, WAL-MART REALTY, WAL-MART STORES and WAL-MART STORES EAST, by their agents, servants and/or employees, constructed the aforesaid premises.

17. Upon information and belief, at all times hereinafter mentioned, the defendants, WAL-MART, WAL-MART REAL ESTATE, WAL-MART REALTY, WAL-MART STORES and WAL-MART STORES EAST, by their agents, servants and/or employees, controlled the aforesaid premises.

18. Upon information and belief, at all times hereinafter mentioned, the defendants, WAL-MART, WAL-MART REAL ESTATE, WAL-MART REALTY, WAL-

MART STORES and WAL-MART STORES EAST, by their agents, servants and/or employees, designed the aforesaid premises.

19. Upon information and belief, on or about the 14th day of July, 2020, the plaintiff, MARIE TABER, while lawfully and properly a business invitee at the aforesaid premises, was caused to slip and fall in the garden section at the aforesaid premises.

20. Upon information and belief, the incident hereinbefore described and the resultant injuries were caused as a result of the negligent, careless, reckless and/or unlawful conduct on the part of the defendants, WAL-MART, WAL-MART REAL ESTATE, WAL-MART REALTY, WAL-MART STORES and WAL-MART STORES EAST, their agents, servants and/or employees, in the ownership, operation, maintenance, management, control and design of the aforesaid premises, and among other things, said negligence of the defendants, by their agents, servants and/or employees, was exhibited in defendants allowing and permitting the aforesaid premises to be used when such was in an unsafe, dangerous, hazardous and defective condition, and in allowing and permitting it to be and remain in such condition, without warning plaintiff and others of its existence.

21. Upon information and belief, the aforesaid premises and the dangerous and hazardous condition created thereby, existed for a sufficient length of time to give both actual and constructive notice to the defendants, including notice by reasonable inspection.

5

22. Upon information and belief, the defendants, WAL-MART, WAL-MART REAL ESTATE, WAL-MART REALTY, WAL-MART STORES and WAL-MART STORES EAST affirmatively created the dangerous and hazardous condition complained of herein.

23. As a result of the alleged incident, the plaintiff, MARIE TABER, sustained bodily injuries and was painfully and seriously injured, and some of the injuries may result in permanent defects; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to her nerves and nervous system; was caused to and did seek medical aid and attention; was caused to be confined to hospital, bed and home; was caused to and did incur great medical expenses and may incur further medical expenses; was caused to be incapacitated from her usual activities and employment and may be further incapacitated.

24. This action falls within one or more of the exceptions set forth in CPLR § 1602.

25. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE NAMED, THE PLAINTIFF, SCOTT TABER, ALLEGES:**

6

26. Repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" of this Complaint with the same force and effect as if fully set forth herein.

27. At all times herein mentioned, the plaintiff, SCOTT TABER, was the husband of the plaintiff, MARIE TABER, and was entitled to her services, society, consortium and companionship.

28. Upon information and belief, as a result of the aforesaid incident, the plaintiff, SCOTT TABER, was deprived of the services, society, consortium and companionship of his spouse.

29. Upon information and belief, as a result of the aforesaid incident, the plaintiff, SCOTT TABER, was caused to and did incur medical expense and may incur further medical expense for the treatment of his spouse.

30. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiffs demand judgment against the defendants, either jointly or severally, in the First and Second Causes of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and for such other, further or different relief as the Court may deem just and proper, together the costs and disbursements of the action.

DATED: Buffalo, New York
March 17, 2021

LIPSITZ GREEN SCIME CAMBRIA LLP

By: _____
SCOTT M. SCHWARTZ, ESQ.
Attorneys for Plaintiffs
Office and P.O. Address
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
[SMS : #63047.0002]

8